UNITED STATES of America, Plaintiff–Appellee,

v.

Caesar Demetrius NICKSON, Defendant–Appellant.

No. 00–10352.

D.C. No. CR–98–00685–SMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Decided Dec. 13, 2001.

Before REINHARDT, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM *

■ Nickson contends that the district court erred by refusing to dismiss his indictment as a sanction for the prosecutor's failure to disclose a non-prosecution agreement regarding his co-defendant. The government's failure to disclose the agreement was improper, but does not rise to the level of "flagrant misbehavior." *United States v. Kearns*, 5 F.3d 1251, 1254 (9th Cir.1993). The district court did not err in denying dismissal of Nickson's indictment.

■ Nickson additionally seeks a reduction in his offense level for acceptance of responsibility under U.S.S.G § 3E1.1(a). Throughout three trials and up until his last interview with the probation officer, Nickson denied his involvement in the robberies, presenting a theory of mistaken identity. The district court found Nickson's acceptance of responsibility to be half-hearted, and merely an attempt to obtain the two-level adjustment. The district court's findings are not clearly erro-

neous. *See United States v. Gillam,* 167 F.3d 1273, 1279 (9th Cir.1999).

■ Finally, Nickson contends that the district court erred in enhancing his sentence for obstruction of justice under U.S.S.G § 3C1.1, because the letters he wrote to his ex-girlfriend were to urge her to testify *truthfully* on his behalf. Although he claims to have only written the letters to ask the prospective witness to testify as to the "truth," he clearly intended to do so through threats and intimidation. In response to Nickson's letters, the witness obtained a temporary restraining order. The district court did not err in applying a two-level enhancement for obstruction of justice. *See United States v. Scheele,* 231 F.3d 492, 501 (9th Cir.2000).

AFFIRMED.

■

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.